IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TEXAS HEALTH AND HUMAN SERVICES COMMISSION, § § § | | |
| Plaintiff, § § | | |
| v. § | Civil Action No. 3:15-CV-3851-N | |
| § UNITED STATES OF AMERICA, *et al.*, § § | | |
| Defendants. § | | |

# **ORDER**

This Order addresses Plaintiff Texas Health and Human Services Commission's (the "Commission") second application for temporary restraining order ("TRO") [18]. The Court denies the application.

The Commission seeks to enjoin the Federal Defendants[1] from resettling Syrian refugees due to arrive in Texas tomorrow because of the Federal Defendants' alleged failure to consult and cooperate with the Commission. Because of the immediacy of the issue, the Court will be brief.

One of the requirements for a TRO is that the movant demonstrate a substantial threat of immediate injury. *See, e.g.*, *United States v. Jefferson County*, 720 F.2d 1511, 1519 (5th

---

[1]The Federal Defendants are: the United States of America, the United States Department of State, John Kerry in his official capacity as Secretary of State, the United States Department of Health & Human Services, Sylvia Burwell in her official capacity as Secretary of Health & Human Services, Office of Refugee Resettlement, and Robert Carey in his official capacity as Director of the Office of Refugee Resettlement.

ORDER – PAGE 1

Cir. 1983). The Commission argues that terrorists could have infiltrated the Syrian refugees and could commit acts of terrorism in Texas. The Court finds that the evidence before it is largely speculative hearsay.[2] The Commission has failed to show by competent evidence that any terrorists actually have infiltrated the refugee program, much less that these particular refugees are terrorists intent on causing harm.

The Court does not downplay the risks that terrorism, as a general matter, may pose. It must, however, assess the risk, if any, posed by these particular refugees. The Court also acknowledges that the kind of concrete information that would help in assessing that risk is the very sort of information the Commission complains the Federal Defendants should have – but did not – share with the Commission. Nonetheless, on the record before the Court, the Court finds that the Commission has failed to establish by a preponderance of the admissible evidence that there is a substantial threat of irreparable injury, and therefore denies the application for TRO.[3]

---

[2] 11A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2952, at 307 (affidavit in support of TRO must be on personal knowledge).

[3] The fact that this Court is required to assess the risk posed by a group of Syrian refugees illustrates one of the problems with this case. The Court has no institutional competency in assessing the risk posed by refugees. That is precisely the sort of question that is, as a general matter, committed to the discretion of the executive branch of the federal government, not to a district court.

Signed December 9, 2015.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 3