IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TEXAS HEALTH AND HUMAN SERVICES COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 3:15-cv-03851-N ) |
| UNITED STATES OF AMERICA, et al., | ) ) |
| Defendants. | ) ) ) ) ) |

**DEFENDANT INTERNATIONAL RESCUE COMMITTEE'S BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii

FACTUAL AND LEGAL BACKGROUND ...................................................................... 1

   I.   The Nature of the Contracts Between IRC and HHSC ............................................. 1

   II.   The Allegations in HHSC's Amended Complaint ..................................................... 2

ARGUMENT ...................................................................................................................... 3

   I.   The Court Should Dismiss HHSC's Claim Against IRC Under Rule 12(b)(6) ........ 3

     A.   HHSC's Statutory Contract Theory Is Not Supported by HHSC's Allegations and Is

       Contrary to Federal Law. ..................................................................................... 4

     B.   HHSC's Records Clause Contract Theory Fails on the Plain Terms of the Contracts. ............................................................................................................... 8

CONCLUSION ................................................................................................................... 9

**TABLE OF AUTHORITIES**

**Cases**

*Armstrong v. Exceptional Child Center, Inc.*, 135 S. Ct. 1378 (2015) ............................... 7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................. 5

*Connolly v. Pension Ben. Guar. Corp.*, 475 U.S. 211 (1986) .............................................. 7

*Hale v. King*, 642 F.3d 492 (5th Cir. 2011) ............................................................ 3

*Innova Hosp. San Antonio L.P. v. Blue Cross and Blue Shield of Georgia, Inc.*, 995 F.
   Supp. 2d 587 (N.D. Tex. 2014) ..................................................................... 5

*Keene Corp. v. United States*, 508 U.S. 200 (1993) ........................................................ 6

*King v. St. Vincent's Hosp.*, 502 U.S. 215 (1991) .......................................................... 6

*Likens v. Hartford Life & Acc. Ins. Co.*, 688 F.3d 197 (5th Cir. 2012) ............................... 7

*Orion IP, LLP v. Mercedes-Benz USA, LLC*, 560 F. Supp. 2d 556 (E.D. Tex. 2008) ........ 7

*Ridgely v. Federal Emergency Mgmt. Agency*, 512 F.3d 727 (5th Cir. 2008) ................... 6

*Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289 (5th Cir. 2008) ........................ 3

**Federal Statutes**

8 U.S.C. § 1521 ................................................................................................ 1, 2

8 U.S.C. § 1522 ............................................................................................. 1, 2, 6, 8

**Federal Regulations**

45 C.F.R § 400.5(h) ............................................................................................ 6

8 C.F.R. § 208.6(a) ............................................................................................. 7

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 12(b)(6)................................................................................................ 3

**Other Authorities**

Rest. (2d) of Contracts § 203(a) (1981) ....................................................................... 7

Defendant International Rescue Committee ("IRC") moves to dismiss Count III of

Plaintiff Texas Health and Human Services Commission's ("HHSC's") amended

complaint [Doc. 13], which is the sole count against IRC.  While the main thrust of

HHSC's amended complaint concerns the State's criticisms of federal government

policies and procedures governing the admission of Syrian refugees, HHSC raises only a

single and narrow claim against IRC: that IRC has breached contractual agreements with

HHSC by allegedly failing to "work 'in close cooperation and advance consultation' with

the Commission on the resettlement of any Syrian refugees," and by allegedly failing to

provide the State with unspecified information about individual Syrian refugees.  *See*

Doc. 13, ¶¶ 30-39.  Taking all of HHSC's allegations as true, HHSC's breach-of-contract

claim fails on its face, as a matter of law.  The Court therefore should dismiss HHSC's

claim against IRC for failure to state a claim under Rule 12(b)(6).[1]

## FACTUAL AND LEGAL BACKGROUND

**I.      The Nature of the Contracts Between IRC and HHSC**

As alleged in the Amended Complaint, IRC is a party to two agreements with

HHSC.  The purpose of these agreements is for IRC to provide cash assistance and social

services to refugees whom IRC assists in resettling in the State of Texas.  Doc. 13 ¶ 33;

Doc. 13-9; Doc. 13-10.  These agreements between IRC and HHSC carry out a function

set forth in federal statutes that provide for nonprofit refugee resettlement agencies and

states to work together to administer benefits for refugees after their admission to the

United States by federal government officials.  8 U.S.C. §§ 1521-22.  Federal

---

[1] As set forth herein, this case should be dismissed on the pleadings under Rule 12(b)(6).
If the case, however, proceeds past the motion to dismiss phase, IRC intends to seek
transfer of venue to the Western District of Texas pursuant to 28 U.S.C. § 1404(a), as
required by the mandatory venue provisions of the contracts under which HHSC is suing
IRC.  *See* Doc. 13-9 at 4, 13-10 at 3.

resettlement funds are overseen by the Office of Refugee Resettlement ("ORR") in the

U.S. Department for Health and Human Services, and they pass through state agencies

such as HHSC, to nonprofit agencies such as IRC, and ultimately to individual refugees.

*See* 8 U.S.C. § 1521.  This funding covers essential services such as job training,

employment services, English-language training, and social services, and enables

refugees to become self-sufficient and to integrate into life in the United States.  8 U.S.C.

§§ 1522 (a)(4)(B), (b)(5), (c)(1), (c)(2), (d)(2).

## II.     The Allegations in HHSC's Amended Complaint

On December 7, 2015, HHSC filed an amended complaint against IRC and the

federal government defendants ("the Federal Defendants").  The sole cause of action

against IRC arises from a breach of contract theory and alleges that:

- IRC failed to "[p]rovide services … [i]n compliance with this contract
  and with applicable Federal laws and regulation [sic], state laws and
  regulations, and Commission policies including service delivery
  standards" as required under IRC's Refugee Cash Assistance Agreement
  and Refugee Social Services Agreement with HHSC.  Doc. 13 ¶¶ 33-34
  (alterations in original).

- IRC failed to carry out a contractual obligation to "cooperate fully and
  allow [HHSC] and all appropriate federal and state agencies or their
  representative's [sic] access to client records, books, and supporting
  documents pertaining to services provided.  [IRC] must make documents
  available at reasonable times and for reasonable periods for the purpose
  of inspection, monitoring, auditing, or evaluating."  Doc. 13 ¶ 36.

The only facts alleged in the Amended Complaint concerning a purported lack of

"consultation" and "cooperation" by IRC are that:

- HHSC "requested information" about individual refugees who were to be
  resettled by IRC in Texas on or after December 3, 2015, and that IRC
  responded that the U.S. Department of State had instructed IRC that all
  such requests must go through the State Department and "the information
  is not shareable by" IRC.  Doc. 13 ¶ 15.

- HHSC sent a letter to IRC on December 1, 2015, asking IRC "to temporarily halt resettlement of Syrian refugees in Texas 'until we have receive [sic] the requested information and our concerns with screening procedures [of the U.S. government] have been appropriately addressed'" and IRC "responded with its intention to continue working with the federal government to resettle Syrians in Texas." Doc. 13 ¶ 17.

That is it. Notably, HHSC does not allege anywhere in the amended complaint any specific information it sought and did not receive from IRC. Moreover, as set forth below, HHSC's only claim against IRC fails as a matter of law, on the plain terms of the contracts between HHSC and IRC and the federal statutes on which HHSC tries to rely.

## ARGUMENT

### I.     The Court Should Dismiss HHSC's Claim Against IRC Under Rule 12(b)(6).

Under Rule 12(b)(6), this Court should dismiss a complaint where a plaintiff "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The Rule 12(b)(6) analysis is generally confined to a review of the complaint and its proper attachments." *Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 293 (5th Cir. 2008). "Under the 12(b)(6) standard, all well-pleaded facts are viewed in the light most favorable to the plaintiff, but plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Hale v. King*, 642 F.3d 492, 498 (5th Cir. 2011) (internal quotation marks omitted). "The well-pleaded facts must permit the court 'to infer more than the mere possibility of misconduct'" in order to survive a motion to dismiss. *Id*. at 499 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). HHSC has failed to state a claim upon which relief can be granted. Taking all allegations in the complaint as true, HHSC's claims are entirely without merit, and the relief it seeks would be contrary to federal law.

3

HHSC's sole cause of action against IRC is that IRC has somehow breached its contractual obligations to HHSC.  The alleged breach of contract rests on two flawed theories.  The first, referred to herein as the "Statutory Contract Theory," contends that because IRC has failed to "work 'in close cooperation and advance consultation' with the [HHSC]" (Doc. 13 ¶ 38) as required under the Refugee Act, 8 U.S.C. § 1522 (a)(1)(B)(iii), IRC somehow has violated a contractual requirement that it "[p]rovide services . . . in compliance with . . . applicable Federal laws and regulation," Doc. 13-9 at 5; Doc. 13-10 at 5.  The second theory, referred to herein as the "Records Clause Contract Theory," alleges that IRC has supposedly breached a contractual obligation to "cooperate fully and allow [HHSC]. . . access to client records, books, and supporting documents pertaining to services provided" and to "make documents available at reasonable times and for reasonable periods for the purpose of inspection, monitoring, auditing, or evaluating," Doc. 13-9 at 1; Doc. 13-10 at 1.  Both theories fail on the plain language of the agreements between HHSC and IRC, and on the governing federal statutes on which HHSC relies.

A.   **HHSC's Statutory Contract Theory Is Not Supported by HHSC's Allegations and Is Contrary to Federal Law.**

HHSC's Statutory Contract Theory depends on HHSC's claim that IRC failed to "cooperate" and "consult" in accordance with 8 U.S.C. § 1522 (a)(1)(B)(iii), but HHSC's allegations in the amended complaint are nowhere near sufficient to make out such a claim.  The only specific, non-conclusory allegation that HHSC makes regarding how IRC supposedly failed to "cooperate" and "consult" with HHSC is the allegation that IRC failed to provide HHSC with information that HHSC "requested."  Doc. 13 ¶¶ 15, 30-39 (allegations constituting Count III, breach of contract claim against IRC).  Notably,

4

HHSC's amended complaint fails even to allege specifically what information about refugees HHSC requested and IRC failed to provide, and for that reason alone the amended complaint is fatally deficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *see also*, *e.g.*, *Innova Hosp. San Antonio L.P. v. Blue Cross and Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 603 (N.D. Tex. 2014) (holding that "Plaintiffs are not required to outline all the elements of the [breach of contract] claim, but Plaintiffs must provide enough factual allegations to draw the reasonable inference that the elements exist," citing numerous cases for the proposition, and finding that plaintiffs had failed to meet the standard). Moreover, HHSC's own allegations demonstrate that, in fact, IRC promptly responded to all of HHSC's enumerated inquiries to the extent not prohibited under federal law. *See* Doc. 13 ¶¶ 13-16. And as also acknowledged in the amended complaint, when IRC was prohibited by federal law from disclosing personal information about screened and admitted refugees, it promptly and quite properly referred HHSC to the appropriate federal officials as required by law. *Id.* ¶ 15. On the face of the amended complaint, then, HHSC has failed to articulate how IRC breached any agreement with HHSC or any disclosure requirement mandated by § 1522(a)(1)(B)(iii).

Moreover, setting aside the insufficiency of HHSC's pleading, the Statutory Contract Theory fails as a matter of law because it depends on a misreading of the cited federal statute, 8 U.S.C. §1522 (a)(1)(B)(iii). Nothing in the statute's "cooperate" and "consult" language requires IRC to provide any refugee-specific information, or any other information it has not already provided.

As an initial matter, the statutory language is one of three hortatory provisions setting out Congress's general intent: "It is the intent of Congress that in providing

refugee assistance under this section . . . local voluntary agency activities *should* be

conducted in close cooperation and advance consultation with State and local

governments." 8 U.S.C. § 1522 (a)(1)(B)(iii) (emphasis added).[2]  The statute, lacking

any mandatory language and merely stating congressional preferences, does not impose

judicially enforceable obligations on federal agencies.  *See*, *e.g.*, *Ridgely v. Federal*

*Emergency Mgmt. Agency*, 512 F.3d 727, 739 (5th Cir. 2008).

HHSC's misreading of section 1522 as imposing a duty on IRC to provide HHSC

with any requested information about specific individual refugees also is at odds with the

plain language and the purpose of the statute.  "[T]he cardinal rule" of statutory

interpretation is "that a statute is to be read as a whole, since the meaning of statutory

language, plain or not, depends on context." *King v. St. Vincent's Hosp.*, 502 U.S. 215,

221 (1991) (internal citations omitted).  Both section 1522(a)(2)(A)—which is concerned

with "the sponsorship process and the intended distribution of refugees among the States

and localities"—and the implementing regulation focus on the provision of benefits

pursuant to a state resettlement plan.  *See* 45 C.F.R § 400.5(h).  Whatever duty IRC has to

"cooperate" and "consult" with HHSC likewise relates to the efficient administration of

these benefits programs, and has nothing to do with answering HHSC's "security

---

[2] The other two hortatory provisions are that refugees "should be placed on [sic] jobs as soon as possible" and that social service funds "should be focused on employment-related services." 8 U.S.C. § 1522 (a)(1)(B)(i)-(iii). In contrast, other subsections of section 1522 use mandatory language. *See*, *e.g.*, 8 U.S.C. § 1522 (a)(5) (requiring that services "*shall* be provided to refugees without regard to race, religion, nationality, sex, or political opinion.") (emphasis added).  Where Congress used only precatory language, it did not intend to impose a mandatory requirement. *Keene Corp. v. United States*, 508 U.S. 200, 208 (1993) ("[W]here Congress includes particular language in one section of a statute but omits it in another . . . , it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.")  (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)).

concerns" by providing whatever refugee-specific information HHSC might request.  *See*

Doc. 13 ¶ 35.

Finally, IRC is *prohibited* from sharing information about individual refugees

with HHSC under federal law.  Federal regulations generally require strict confidentiality

of information relating to individuals seeking asylum.  *See* 8 C.F.R. § 208.6(a)

(prohibiting disclosure of records "without the written consent of the applicant," except

as permitted in enumerated circumstances or "at the discretion of the Attorney General").

In light of the federal confidentiality requirement and the other federal statutes cited

above, any ambiguity in the contractual language (and there is none) must be construed

not to require disclosures of individual refugee information in violation of federal law.  It

is black-letter law that a contract term cannot reasonably be construed to require illegal

conduct.  *See Likens v. Hartford Life & Acc. Ins. Co.*, 688 F.3d 197, 201 (5th Cir. 2012);

*Orion IP, LLP v. Mercedes-Benz USA, LLC*, 560 F. Supp. 2d 556, 559 (E.D. Tex. 2008)

(citing *Frost Nat'l Bank v. L & F Distribs., Ltd.,* 165 S.W.3d 310, 312 (Tex. 2005)); Rest.

(2d) of Contracts § 203(a) (1981).  Thus, even if HHSC were correct in its interpretation

of its contracts with IRC, a requirement to disclose information that is contrary to federal

law would be unenforceable because "a court may not hold a civil defendant liable under

state law for conduct federal law requires."  *Armstrong v. Exceptional Child Center, Inc.*,

135 S. Ct. 1378, 1384 (2015).  *See also, e.g.*, *Connolly v. Pension Ben. Guar. Corp.*, 475

U.S. 211, 224 (1986).

Other subsections of section 1522 further undermine HHSC's attempt to read the

generalized "cooperate" and "consult" language in section 1522(a)(1)(B)(iii) as requiring

IRC to provide HHSC with whatever individual refugee-specific information HHSC

requests.  In those subsections, Congress has made specific provisions for the disclosure

of certain information about individual refugees to a state agency.  Section 1522(b)(4)(C)

requires the U.S. Secretary of Health and Human Services to "assure that State or local

health officials at the resettlement destination within the United States of each refugee are

promptly notified of the refugee's arrival and provided with all applicable medical

records."  Congress has also required that in connection with their contracts, resettlement

agencies shall furnish a local welfare agency with information about offers of

employment and documentation about resources provided to refugees who have applied

to the local agency for cash assistance.  8 U.S.C. § 1522(b)(7)(B).  Thus, it is clear that

when Congress meant for nonprofit resettlement agencies to share information with state

agencies, it said so expressly.  In light of this context and the specific confidentiality

protections accorded to refugees under federal law, the general "cooperate" and "consult"

language in section 1522 (a)(1)(B)(iii) cannot plausibly be read to require specific

information-sharing about individual refugees as HHSC contends.

        In short, nothing in HHSC's complaint makes out a valid legal claim against IRC

based upon failure to comply with section 1522's requirements or any other federal law.

> **B.      HHSC's Records Clause Contract Theory Fails on the Plain Terms of the Contracts.**

        HHSC's Records Clause Contract Theory is based on even more tortured legal

reasoning.  HHSC points to a contractual provision stating that "HHSC shall have

authority to monitor and conduct fiscal and/or program audits of . . . the contractor . . . to

the extent of services *provided*," and that IRC must therefore submit to "[o]n-site visits"

and provide "access at reasonable times to all books and records … for purposes of

inspection, monitoring, auditing, or evaluating such materials" (emphasis added).  Doc.

13-9 at 1; Doc. 13-10 at 1.  This contractual language clearly concerns audits for the purpose of ensuring that funds IRC has *already* spent for the benefit of refugees *already* resettled in Texas comport with contractual standards.  HHSC nevertheless argues that this language requires IRC to disclose information about refugees *who have not yet arrived*.  Doc. 13 ¶ 36.  This argument fails on the plain language of the contract.

Moreover, HHSC has failed to allege what, if any, "client records, books, and supporting documents" it sought from IRC; whether it sought such requested items for the purposes specified in the Records Clause; or how IRC failed to "make documents available at reasonable times and for reasonable periods."  The amended complaint thus fails to make out a valid legal claim against IRC based upon a failure to comply with the Records Clause.

**CONCLUSION**

HHSC has failed to state a claim that IRC has breached any contractual obligation and seeks relief that is contrary to federal law.  The Court should thus dismiss HHSC's claim against IRC in its entirety under Federal Rule of Civil Procedure 12(b)(6).

Dated: January 4, 2016                                    Respectfully submitted,

                                                          /s/ Cecillia D. Wang
                                                          Cecillia D. Wang*
Omar C. Jadwat*                                           Nida Vidutis**
Judy Rabinovitz*                                          AMERICAN CIVIL LIBERTIES
Michael K.T. Tan*                                         UNION
AMERICAN CIVIL LIBERTIES UNION                            FOUNDATION
FOUNDATION IMMIGRANTS' RIGHTS                             IMMIGRANTS' RIGHTS
PROJECT                                                   PROJECT
125 Broad Street                                          39 Drumm Street
New York, NY 10004                                        San Francisco, CA  94111
Tel.: (212) 549-2620                                      Tel: (415) 343-0775
Fax: (212) 549-2654                                       Fax: (415) 395-0950
Email: ojadwat@aclu.org                                   Email: cwang@aclu.org
jrabinovitz@aclu.org

9

mtan@aclu.org

Rebecca L. Robertson
State Bar No.: 00794542
Adriana Piñon
State Bar No.: 24089768.
Satinder Singh
State Bar No.: 24093508
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION OF TEXAS
1500 McGowan Street, Suite 250
Houston, TX 77004
Tel.: (713) 942-8146
Fax: (713) 942-8966
Email: rrobertson@aclutx.org
apiñon@aclutx.org
ssingh@aclutx.org

Kristi L. Graunke*
Michelle Lapointe*
SOUTHERN POVERTY LAW CENTER
1989 College Avenue NE
Atlanta, GA 30317
Tel: (404) 521-6700
Fax: (404) 221-5857
Email: kristi.graunke@splcenter.org
michelle.lapointe@splcenter.org

Karen C. Tumlin*
Nicholas Espíritu*
NATIONAL IMMIGRATION LAW CENTER
3435 Wilshire Boulevard
Suite 2850
Los Angeles, CA 90010
Tel: (213) 674-2850
Fax: (213) 639-3911
Email: tumlin@nilc.org
espiritu@nilc.org

Neal Manne
State Bar No.: 12937980
Terrell W. Oxford
State Bar No.: 15390500
Robert Rivera, Jr.
State Bar No.: 16958030
Vineet Bhatia
State Bar No.: 00795976
Shawn L. Raymond
State Bar No.: 24009236
Robert S. Safi
State Bar No.: 24051280
SUSMAN GODFREY, LLP
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Tel: (713) 651-9366
Fax: (713) 654-6666
Email:
nmanne@susmangodfrey.com
toxford@susmangodfrey.com
rrivera@susmangodfrey.com
vbhatia@susmangodfrey.com
sraymond@susmangodfrey.com
rsafi@susmangodfrey.com

Stephen Shackelford
State Bar No.: 24062998
SUSMAN GODFREY, LLP
560 Lexington Avenue, 15th Floor
New York, NY 10022
Tel: (212) 336-8330
Fax: (212) 336-8340
Email:
sshackelford@susmangodfrey.com

Justin B. Cox*
LAW OFFICES OF JUSTIN B.
COX
1989 College Avenue NE
Atlanta, GA 30317
Tel: (404) 594-2258
Email: cox@cox.legal

*Attorneys for Defendant International Rescue Committee, Inc.*
*Admitted *pro hac vice*
**Application for admission *pro hac vice* forthcoming

10

## CERTIFICATE OF SERVICE

I hereby certify the foregoing brief in support of motion to dismiss was served

upon the parties via ECF notification.


/s/ Cecillia D. Wang
Cecillia D. Wang*