## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| TEXAS HEALTH AND HUMAN SERVICES COMMISSION | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:15-cv-3851 |
| | § | |
| UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF STATE, JOHN KERRY in his Official Capacity as SECRETARY OF STATE, UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES, SYLVIA BURWELL, in her Official Capacity as SECRETARY OF HEALTH AND HUMAN SERVICES, OFFICE OF REFUGEE RESETTLEMENT, ROBERT CAREY, in his Official Capacity as Director of the OFFICE OF REFUGEE RESETTLEMENT, and INTERNATIONAL RESCUE COMMITTEE, INC. | § § § § § § § § § § § § § § § § § § | |
| | § | |
| Defendants. | § | |

___

## PLAINTIFF'S RESPONSE TO DEFENDANT INTERNATIONAL RESCUE COMMITTEE'S MOTION TO STRIKE

___

The Texas Health and Human Services Commission (Commission) files this response to the Defendant International Rescue Committee's Motion to Strike New Material in Plaintiff's Reply in Support of Amended Application for Temporary Injunction (Doc. 59).

## I.   PLAINTIFF DID NOT RAISE NEW ARGUMENTS IN ITS REPLY.

The thrust of Plaintiff's lawsuit regards the "framework for collaboration and cooperation among the federal government, the States, and local volunteer agencies such as the Committee in resettling refugees." Doc. 13 at 3.  This framework is largely contained in 8 U.S.C. § 1522(a), something which has been referenced ad nauseum by the parties in their briefing.  Specifically, "[h]ighlighting the role of the States is the fact that section 1522 mentions States 14 times." *Id*.  Section 1522(a)(2)(D) is one of those provisions, containing reference to the "State" twice.  8 U.S.C. § 1522(a)(2)(D).  Therefore, any reference to any portion of 8 U.S.C. § 1522(a) is a reference to the "framework for collaboration and cooperation" that forms the essence of the dispute before the Court.  The same is true regarding the legislative history that Plaintiff cites in its reply, all of which revolves around the meaning and intent of the "framework for collaboration and cooperation" that Defendants here construe narrowly in their responses.  If the Court disagrees and believes the Plaintiff has injected new content into the reply, then it should simply treat the Committee's Brief in Support of Its Motion to Strike as a sur-reply because it contains substantive responses to the points it alleges to be new.

## II.   ANYTHING NEW IN PLAINTIFF'S REPLY COULD NOT HAVE BEEN BROUGHT FORTH ON OR BEFORE DECEMBER 8, 2016.

The materials contained in the Plaintiff's Reply were in response to Defendants' use of experts, generally used to regale the Court with opinions on how safe things really are with the refugee program.  Plaintiff is entitled to respond, and did, primarily focusing on the new terrorism arrests of refugees (one refugee admitted

through the Syrian program) on January 8, 2016, both of which were engaged in terrorist activity within Texas.  The information and fact of those arrests, both of which directly relate to, and appropriately supplement, Plaintiff's arguments, was impossible to include in its December 8, 2015 submission.  To strike that information, which appropriately replies to the Defendants' arguments about the safety and security of the screening process regarding so-called "refugees" from Syria and other war-troubled regions would be to penalize the Plaintiff for circumstances beyond its control.

To this point even further, Defendants continue to undertake the continual resettlement of new refugees within Texas, notwithstanding this litigation and the concerns addressed herein.  Defendants cannot credibly complain about the Plaintiff bringing new and relevant information forward when they themselves continue to antagonize Texas's concerns with new resettlements in light of the new arrests on January 8, 2016.  If the Defendants want the Court to analyze a wholly historic set of facts, instead of the existing threats and irreparable harms alleged by the Plaintiff, Defendants themselves could cease activities that continue to add new factual layers and concerns to the questions in dispute before the Court.

## III.   PLAINTIFF'S LACK OF INFORMATION, COUPLED WITH THIS COURT'S PRIOR ORDER, MITIGATES AGAINST INCLUDING THE INFORMATION IN A THIRD APPLICATION FOR A TEMPORARY RESTRAINING ORDER.

In denying Plaintiff's second application for a Temporary Restraining Order, the Court acknowledged that Plaintiff lacks information about "particular refugees," which is "the kind of concrete information that would help in assessing that risk is the very sort of information the Commission complains the Federal Defendants should have—but did not—share with the Commission."  Doc. 19 at 2.  The Plaintiff determined to not file material regarding the January 8, 2016 arrests in a renewed

TRO in light of the Court's prior rulings.

However, that new events have occurred and concerns about the refugee program continue to increase  do not change the irreparable harm that the Plaintiff has incurred and will incur during the pendency of this litigation by being unable to engage in the statutorily required cooperation and consultation before any set of Syrian refugees is slated for resettlement in Texas.  That type of concrete and ongoing harm remains ripe for a preliminary injunction.

## CONCLUSION

Plaintiff would not object to the Court treating the motion to strike as a sur-reply.  However, there is no reasonable basis to strike the Plaintiff's reply or grant a separate sur-reply here because "[IRC] is not challenging any alleged newly-presented legal theories raised by [Plaintiff] in [its] reply. [IRC] simply wants an opportunity to continue the argument." *Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.*, 2003 WL 251318, at *18 (N.D. Tex. Feb. 3, 2003).

Moreover, as IRC has already admitted, it plays no role in the safety and security concerns raised by Plaintiff.  Doc. 44 at 5.  Delaying these proceedings for a sur-reply would prejudice the timetable for resolving Plaintiff's preliminary injunction before the January 25, 2016 group, and subsequent groups, are set to arrive in Texas.

Dated:  January 22, 2016.

Respectfully submitted,


KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal
  Counsel

/s/ Austin R. Nimocks
AUSTIN R. NIMOCKS
Associate Deputy Attorney General for
  Special Litigation
Texas Bar No. 24002695

ANGELA V. COLMENERO
Division Chief – General Litigation

ADAM N. BITTER
Assistant Attorney General

General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

*ATTORNEYS FOR PLAINTIFF*

# Certificate of Service

I certify that a copy of this pleading was served on all counsel of record listed below via e-mail and/or through this Court's CM/ECF system.  Mr. Goad has been served via U.S. Certified Mail.

**Stuart J. Robinson**
**Michelle R. Bennett**
Trial Attorneys
**United States Department of Justice**
Civil Div., Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
stuart.j.robinson@usdoj.gov
michelle.bennett@usdoj.gov

*Attorneys for the Federal Defendants*

**Rebecca L. Robertson**
**American Civil Liberties Union**
**Foundation of Texas**
1500 McGowan, Suite 250
Houston, TX 77004
rrobertson@aclutx.org


**Cecillia D. Wang**
**American Civil Liberties Union Foundation -**
**Immigrants' Rights Project**
39 Drumm Street
San Francisco, CA 94111
cwang@aclu.org

**Omar C. Jadwat**
**Judy Rabinovitz**
**Michael K.T. Tan**
**American Civil Liberties Union Foundation –**
**Immigrants' Rights Project**
125 Broad Street, 18th Floor
New York, New York  10004
ojadwat@aclu.org
jrabinovitz@aclu.org
mtan@aclu.org

**Justin B. Cox**
Law Offices of Justin B. Cox
1989 College Avenue NE
Atlanta, GA  30317
cox@cox.legal


**Kristi L. Graunke**
**Michelle Lapointe**
**Southern Poverty Law Center**
1989 College Avenue NE
Atlanta, GA  30317
kristi.graunke@splcenter.org
michelle.lapointe@splcenter.org

**Karen C. Tumlin**
**Nicholas Espiritu**
**National Immigration Law Center**
3425 Wilshire Blvd., Ste. 2850
Los Angeles, CA  90010
tumlin@nilc.org
espiritu@nilc.org

**Neal Stuart Manne**
**Robert Rivera, Jr.**
**Robert S. Safi**
**Shawn Raymond**
**Vineet Bhatia**
Susman Godfrey LLP
1000 Louisiana St,  Ste. 5100
Houston, TX  77002-5096
nmanne@susmangodfrey.com
rrivera@susmangodfrey.com
rsafi@susmangodfrey.com
sraymond@susmangodfrey.com
vbhatia@susmangodfrey.com

**Stephen Shackelford, Jr.**
**Terrell W. Oxford**
Susman Godfrey LLP
901 Main St.,  Ste 5100
Dallas, TX 75202-3775
toxford@susmangodfrey.com
sshackelford@susmangodfrey.com

*Attorneys for Defendant International Rescue Committee, Inc.*

**Amelia L. B. Sargent**
**Joseph D. Lee**
**C. Hunter Hayes**
Munger, Tolles & Olson, LLP
355 South Grand Avenue, Ste. 3500
Los Angeles, CA  90071-1560
amelia.sargent@mto.com
joseph.lee@mto.com
hunter.hayes@mto.com

**Anne Schutte**
Law Office of Anne Shuttee
6060 N. Central Expressway
Suite 560
Dallas, TX  75206
***Attorneys for Amicus Curiae Interfaith Clergy***


**David Goad**
1154 Rivertree Drive
New Braunfels, TX  78130

***Movant***


/s/ *Austin R. Nimocks*
AUSTIN R. NIMOCKS
Associate Deputy Attorney General for
Special Litigation